UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER-JASON HELFRICH

Plaintiff,

v.

THE UNCUFFED PROJECT, *et al.*,

Defendants.

Case No.  2:26-cv-1018-DC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding without counsel, filed this action against The Uncuffed Project and its CEO, Damon Cooke, Kit, an employee of Cooke, and plaintiff's former roommate, Orlando. Plaintiff's allegations fail to state a viable claim, and I will therefore dismiss his complaint with leave to amend.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 3, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).  Finally, I will recommend that plaintiff's motion for injunctive relief, ECF No. 2, be denied.

**Screening Order**

**I.     Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

Plaintiff alleges that he previously lived in a unit operated by the Uncuffed Project, which is a housing program operating in Vallejo, California.  ECF No. 1 at 2.  While living there, plaintiff experienced severe sanitation issues caused by his roommate, defendant Orlando.  *Id.* at 3.  Plaintiff notified the Uncuffed Project's staff of his concerns, which prompted the program to transfer plaintiff to a new unit.  *Id.*  On March 14, 2026, shortly after his transfer, plaintiff claims that he began to experience retaliation by defendant Kit, an employee who was acting as defendant Cooke's agent.  *Id.*  Kit allegedly told plaintiff that plaintiff's vehicle would be towed unless he registered the vehicle with the California DMV.  Plaintiff alleges that Kit's threat was

2

retaliation for plaintiff's complaints about the unsanitary conditions he faced while living with Orlando. *Id.*

Plaintiff asserts three 42 U.S.C. § 1983 causes of action: retaliation, threatened conversion, and harassment. *Id.* at 4. Further, plaintiff requests that the court issue a temporary restraining order prohibiting defendants from towing his car.[1] *Id.* at 4-5.

The complaint fails to allege a claim. Any case under § 1983 must demonstrate both a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and causation of such deprivation by a person or entity acting under color of state law within the meaning of the Fourteenth Amendment. 42 U.S.C. § 1983. There are no state actors implicated in this case. Indeed, the three individual defendants appear to be non-state actors and the company, the Uncuffed Project, is not alleged to be a state agency. Accordingly, plaintiff has failed to state a federal claim.

Since plaintiff has failed to allege a federal cause of action, this case could only proceed on this court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The complaint alleges that plaintiff and defendants reside in California. ECF No. 1 at 2. Moreover, the complaint contains no allegation concerning the amount in controversy. Thus, plaintiff's allegations reflect that diversity of citizenship is lacking.

---

[1] Plaintiff additionally requests that he be granted electronic filing privileges. ECF No. 1 at 5. Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff has not demonstrated good cause for a departure from the normal filing procedure for unrepresented litigants. The request is therefore denied.

I will dismiss the complaint with leave to amend so that he may have an opportunity to remedy these deficiencies. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

### Motion for Injunctive Relief

Plaintiff has filed a motion that asks the court to grant him a temporary restraining order, seeking the same relief requested in the complaint. ECF No. 2. But because plaintiff's complaint fails to state a claim, he cannot demonstrate a likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Accordingly, I recommend that plaintiff's motion for injunctive relief be denied.

### Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 2, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE